## OWOSSO SAV. BANK v. WALSH.

(Circuit Court, E. D. Pennsylvania. January 8, 1895.)

### No. 4.

1. AFFIDAVITS OF DEFENSE—PROMISSORY NOTES—INDORSEMENT—GENUINENESS OF—DENIAL.

In an action against the indorser of certain promissory notes it was alleged in the affidavit of defense that the said indorsements "may have been" obtained by fraud, and without the indorser's knowledge, and that he had no recollection whatsoever of having indorsed them, "and therefore denies that the alleged signature on said notes is his signature, and demands that proof thereof be required upon the trial of the cause." *Held* that, under the rule of court which provides that the genuineness of such indorsements shall be taken to be admitted unless denied by affidavit, these averments were sufficient to entitle the defendant to insist upon the proof which he demanded.

**2. SAME — DENIAL OF GENUINENESS OF INDORSEMENT — RULE OF COURT — EFFECT OF.**

A rule of court providing that the genuineness of indorsements of promissory notes shall be taken to be admitted unless denied by affidavit, was not intended to fix upon a party the admission of a fact which he does not remember, and therefore asks shall be proved, even though he acknowledges its existence to be possible.

### Rule for judgment for want of a sufficient affidavit of defense.

The plaintiff, the Owosso Savings Bank, a corporation doing business in the state of Michigan, claimed of the defendant, a citizen of Pennsylvania, and a resident of the Eastern district of that state, the sum of $13,007.40, with interest, being the amount alleged to be due by said defendant upon four promissory notes made by the J. H. Mahler Company, by J. H. Mahler, president, to the order of the Second National Bank of Owosso, Mich., and indorsed by the defendant, together with protest fees. The plaintiff averred that it was the holder of said notes, having taken the same in the usual course of business, before maturity. The affidavit of defense averred that the defendant "has no knowledge or recollection whatsoever of signing, executing, or indorsing the four several promissory notes upon which suit has been brought against him, and copies or alleged copies of which have been filed as part of the record of the above case, and therefore denies that the alleged signature on said notes is his signature, and demands that proof thereof be required upon the trial of the cause; that, if the said indorsement upon the notes in question should be proved to be that of this defendant, then he positively declares and testifies that the same was procured by fraud and deceit on the part of J. H. Mahler, the president of J. H. Mahler Company, the maker of said notes." The affidavit further averred that the defendant had been the holder of a number of shares of the stock of the said company, and had been anxious to obtain cash upon the same, said cash being due him as salesman in the employ of the company, and that "in the course of his negotiations in endeavoring to obtain withdrawal of his above-mentioned stock he was requested to sign, and did affix his signature to, a number of papers and documents which were presented to him for his signature by said J. H. Mahler, the said president of the company, and which the said Mahler alleged were necessary parts of said transaction; and this defendant avers that his signature may have been without his knowledge, and by the fraud and connivance of the said J. H. Mahler, obtained upon the notes upon which suit has now been brought, without the knowledge of this defendant." It was further averred that defendant had received no consideration therefor, did not sign them for the purpose of withdrawal of said stock, nor for any purpose, and had no knowledge of their existence until the suit was brought. He also averred that he was informed and believed that the said copies are not full and perfect, and craves that the originals, together with the certificates of protest, be produced, and duly proved upon the trial of the cause.

Wagner & Cooper, for plaintiff.
Louis Hutt, for defendant.

DALLAS, Circuit Judge. Rule 1 of this court provides that the genuineness of indorsements of promissory notes shall be taken to be admitted unless denied by affidavit. The affidavit of defense in this case concedes that the defendant's indorsement of the notes sued upon "may have been" obtained by fraud, and without his knowledge, but avers that he has no recollection whatsoever of having indorsed them, "and therefore denies that the alleged signature on said notes is his signature, and demands that proof thereof be required upon the trial of the cause." Although this denial is so peculiarly guarded as, perhaps, to justify some hesitancy in

relying upon it, yet it must, for the present purpose, be accepted as made in good faith, and, being so accepted, it is, I think, sufficient to entitle the defendant to insist upon the proof which he demands. The rule of court was not intended to fix upon a party the admission of a fact which he does not remember, and therefore asks shall be proved, even though he acknowledges its existence to be possible. The other matters set up in defense need not be now considered. Judgment for want of sufficient affidavit of defense denied.